DENBY *v.* SHERIDAN.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
   —PREJUDICE—WAIVER.

   Alleged errors on part of trial court in permitting some cross
   examination of defendant father in nonjury action against a
   father and son for wrongful death of plaintiff's decedent, a
   16-year-old boy, friend of defendant son who had shot the
   boy in defendant's home, which examination elicited location
   and accessibility of revolver and the son's experience with
   firearms, then barring further examination by defendant by
   holding statutory bar against testimony as to matters equally
   within knowledge of deceased had not been waived *held*, not
   shown to have been reversible error, where trial court's action
   in denying existence of waiver and of defendants' right to
   pursue further inquiry have not been shown to be prejudicial
   in that it was not established how the information sought would
   substantially affect issues of negligence and contributory neg-
   ligence (CLS 1961, §§ 600.2160, 600.2301, 600.2922).

2. APPEAL AND ERROR—FINDING OF FACT—CONTRIBUTORY NEGLIGENCE
   —RECORD.

   Finding of trial court that plaintiff's decedent was not, as a
   matter of fact, guilty of contributory negligence in a shooting
   event that took place in defendant's home *held*, proper, where
   record does not reveal that such finding was clearly erroneous
   (GCR 1963, 517.1).

3. DEATH—NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE.

   Evidence adduced in nonjury action for wrongful death of
   plaintiff's decedent *held*, to support trial court's finding that
   defendant son was negligent and that such negligence was a
   proximate cause of the death, precluding a holding that such
   finding was clearly erroneous (GCR 1963, 517.3).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 214 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[3] 22 Am Jur 2d, Death § 31 *et seq.*
[4] 22 Am Jur 2d, Death § 115 *et seq.*

4. Same—Damages—Evidence.

> Refusal of trial court in action under death act to strike exhibit consisting of compilation of damages testified to by father of 16-year-old boy as to items admissible under a decision of the Supreme Court *held,* not error (CLS 1961, § 600.2922).

Appeal from Jackson; Dalton (John C.), J. Submitted Division 2 May 12, 1966, at Lansing. (Docket No. 1,099.) Decided June 28, 1966. Rehearing denied September 2, 1966. Leave to appeal denied by Supreme Court November 17, 1966. See 378 Mich 740.

. Declaration by Marion Denby, administratrix of estate of William Louis Denby, deceased, against Ernest Sheridan and Andrew Sheridan for wrongful death of her decedent in a shooting accident in defendant's home. Judgment for plaintiff. Defendant appeals. Affirmed.

. *Kelly, Kelly & Kelly (Philip C. Kelly,* of counsel), for plaintiff.

*Rappleye & Perlos (John W. Bannasch, Jr.,* of counsel), for defendants.

Quinn, J. Plaintiff brought this action for the death[1] of her 16-year-old son claiming it was caused by the negligence of defendants. Defendants' answer denied any negligence and pleaded as affirmative defenses the contributory negligence of plaintiff's decedent and that he assumed the risk of the event which led to his death. Plaintiff denied the affirmative defenses. A nonjury trial resulted in a judgment for plaintiff. Defendants appeal and raise 5 questions for review.

Ernest and Andrew Sheridan are father and son. Andrew and plaintiff's decedent were about the same age and were close friends. Ernest Sheridan

---

[1] See CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922).—Reporter.

is a member of the Jackson city police force. August 10, 1963, Ernest arrived home from work about 12:45 a.m.; he removed his cartridge belt and holster and placed them on the dining room table. There were shells in the belt and the holster contained his unloaded revolver. There was another unloaded revolver on top of a china cabinet. Soon after Ernest arrived home, Andrew and plaintiff's decedent came in. After some conversation with the boys, Ernest retired upstairs; sometime later he heard the boys "clowning around, jumping around downstairs". Mrs. Sheridan was also upstairs and she heard, "the boys giggling and cutting up". Then a shot was heard downstairs, and it is admitted that the shot came from a gun held by Andrew and that the shot killed plaintiff's decedent. The gun involved had been on top of the china cabinet and it contained a spent cartridge taken from the cartridge belt. Few details of the accident were available because plaintiff invoked the dead man's statute[2] and prevented Andrew from testifying.

The first two errors asserted by defendants relate to their claim that by cross-examination of Ernest Sheridan, plaintiff waived the protection of the dead man's statute, *supra,* and the trial court erred in denying defendants the right to pursue the subject of this inquiry further. The information plaintiff obtained in this cross-examination dealt with the fact that a revolver was on the china cabinet, the distance between the china cabinet and the dining room table, the height of the cabinet and Andrew's knowledge and experience with firearms. We find it unnecessary to rule on these alleged errors because it is not shown they are errors that affect the substantial rights of defendants. CLS 1961, § 600.2301 (Stat Ann 1962 Rev § 27A.2301); *Britten*

---

[2] CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160).

v. *Updyke* (1959), 357 Mich 466. Thus, even if we held they were errors, they would not be reversible errors. Defendants' assertion that they are substantial and reversible errors is insufficient. To establish them as prejudicial errors, defendants must show in what way the information they sought would affect their negligence or plaintiff's decedent's contributory negligence.

Defendants next claim the trial court erred in not holding plaintiff's decedent guilty of contributory negligence as a matter of fact. The trial court found,

"The proofs fall far short of establishing contributory negligence on the part of plaintiff's decedent. Any such finding by this court would be conjectural."

To upset this finding, this Court must find it was clearly erroneous. GCR 1963, 517.1. This is not possible on the record before us.

The same rule obviates discussion of the fourth error claimed by defendants, namely:

"Did the trial court err in holding that the defendant Ernest Sheridan was guilty of negligence which was the proximate cause of the death of plaintiff's decedent?"

There is evidence in the record to support the trial court's finding that Ernest Sheridan was negligent and that such negligence was a proximate cause of plaintiff's decedent's death. This precludes a holding by this Court that such finding was clearly erroneous.

Finally, defendants urge as error the refusal of the trial court to strike exhibit 3. This was a compilation of the damages testified to by the father of the dead boy. The items contained therein were

admissible under *Wycko* v. *Gnodtke* (1960), 361 Mich 331. We find no error.

Affirmed, with costs to appellee.

McGREGOR, P. J., and BURNS, J., concurred.